ALBERT SCHUBACH, Respondent, *v.* EMANUEL MOYSES, Appellant.

First Department, December 14, 1923.

**Pleadings — denials of knowledge or information sufficient to form belief as to certain allegations of complaint improperly stricken out — order requiring defendant to make allegations in answer definite and certain was properly granted.**

It was error for the court to strike out of defendant's answer denials of knowledge or information sufficient to form a belief as to certain allegations contained in the complaint relating to a will and its due admission to probate in a foreign jurisdiction and other proceedings taken in connection with the administration of the estate in said foreign jurisdiction, for it cannot be said that the allegations in the complaint relate to facts which were presumptively within the knowledge of the defendant or could have been discovered in public records easily accessible.

The court properly granted the order to make the answer more definite and certain in so far as it related to the times and places of making loans described therein.

APPEAL by the defendant, Emanuel Moyses, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of July, 1923, granting in part the plaintiff's motion to strike out certain parts of the answer, and also granting plaintiff's motion to make certain paragraphs of the answer definite and certain.

*Lind & Marks* [*Alfred D. Lind* of counsel; *Norman L. Marks* with him on the brief], for the appellant.

*Kirlin, Woolsey, Campbell, Hickox & Keating* [*John Schubert* of counsel], for the respondent.

McAVOY, J.:

The appeal here is by the defendant from an order granting in part a motion made on behalf of the plaintiff to strike out certain portions of defendant's answer on the ground that said portions were sham, frivolous and evasive, and also granting a motion requiring the defendant to make paragraphs 5 and 7 of the answer more definite and certain.

It is claimed that the alleged offending pleading denies knowledge or information sufficient to form a belief where the facts are presumptively within the defendant's knowledge. Doubtless, the granting of such a motion is proper where the facts alleged are contained in public records easily accessible, or where other matters are so alleged as to make it unmistakably within the knowledge of the adverse party what the fact is with respect to the allegation. In this instance, however, it cannot be said that many of the facts

which the learned court at Special Term thought to have been dishonestly evaded in the answer were such as were presumptively within defendant's knowledge or could have been discovered in public records easily accessible. For instance, he denies knowledge or information sufficient to form a belief as to the giving of notice to creditors in respect of a settlement of an estate in a foreign jurisdiction. He denies knowledge or information sufficient to form a belief with respect to the leaving of a will by a testator and its due admission to probate, and the qualifications of executors thereunder in the State of Washington, and their taking possession of the property and assets of the estate and proceeding to administer the trust imposed. He denies knowledge or information sufficient to form a belief with respect to the claim that the plaintiff and another ceased to be the executors of the estate, and that another person was appointed administrator with the will annexed under the laws of the State of Washington. He denies knowledge or information sufficient to form a belief as to the fact of the securing of an entry of a judgment in the State of Washington against the plaintiff for a sum paid to the defendant by the executors of the said will out of funds belonging to the estate. He denies knowledge or information sufficient to form a belief as to the assignment to this plaintiff of the rights of his co-executor. There are also struck out absolute denials of a demand for repayment and of the statement that there is now due and owing the sum demanded in the complaint.

It will be seen from a recital of the foregoing contents of the pleading that no one of the denials of knowledge or information sufficient to form a belief may reasonably be said to be related to facts unmistakably within the knowledge of the adverse party, or to be matters contained in public records easily accessible to the defendant. We think the answer is neither dishonest nor evasive, and that the order should be reversed and the motion denied in respect to striking out the denials.

As to the application to make the answer more definite and certain in paragraphs 5 and 7, since it appears from these paragraphs of the answer that they are not definite and certain in respect of the times and places of the loans therein described, the order should be affirmed in so far as it grants the motion to compel the defendant to make these paragraphs more definite and certain by giving the times and places of the loans and advances alleged to have been made therein, and to this extent only.

The order should be reversed in so far as it strikes out the portions of the answer contained in paragraphs designated first, second, third and fourth thereof, with ten dollars costs and disbursements

to appellant, and the motion denied; and in so far as it grants the motion to make paragraphs fifth and seventh more definite and certain the order should be modified in the respects indicated in this opinion, and as so modified affirmed, with leave to the defendant to serve an amended answer.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed so far as it strikes out any part of the answer, with ten dollars costs and disbursements to the appellant, and the motion to strike out denied; order so far as it grants motion to make paragraphs fifth and seventh of the answer more definite and certain modified by granting said motion to the extent indicated in opinion, and as so modified affirmed.